**IN THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

PAMELA RIZZO-ALDERSON, DEENA
BENENHALEY, EVELYN SARNO,
NICOLE RICHARDSON, TAMI YOUNG, on their
own behalf and on behalf of those similarly situated,

        Plaintiffs,

vs.                            CASE NO.: 5:17-cv-312-Oc-37PRL

EIHAB H. TAWFIK, M.D., P.A.,
d/b/a CHRIST MEDICAL CENTER,
a Florida Profit Corporation, and
EIHAB H. TAWFIK, individually,

        Defendants.

_____/

## AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, PAMELA RIZZO-ALDERSON, DEENA BENENHALEY, EVELYN SARNO, NICOLE RICHARDSON, TAMI YOUNG, on their own behalf and on behalf of those similarly situated ("Plaintiffs"), by and through the undersigned counsel, hereby sue Defendants EIHAB H. TAWFIK, M.D., P.A., d/b/a CHRIST MEDICAL CENTER ("Christ Medical Center"), and EIHAB H. TAWFIK ("Individual Defendant") and allege as follows:

### INTRODUCTION

1.    This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 *et. seq.* ("WARN Act"), the Florida Constitution, Art. X, Sec. 24, and for unpaid wages.

2.     Pursuant to the FLSA and Art. X, Sec. 24 of the Florida Constitution, Plaintiffs, on their own behalf and on behalf of all others similarly situated, seek minimum wages, liquidated damages, post-judgment interest and attorneys' fees and costs from Christ Medical Center and Individual Defendant.

3.     Christ Medical Center is liable under the WARN Act for the failure to provide the Plaintiffs and all others similarly situated at least 60 days' advance notice of their termination, as required by the WARN Act.

4.     Christ Medical Center is liable for unpaid wages for failing to pay wages due to Plaintiffs and all others similarly situated.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

6.     Venue is proper in this Court because all facts material to all claims set forth herein occurred in Citrus County, Florida.

## PARTIES

7.     At all times material to this action, Defendant Christ Medical Center, Inc. was a Florida corporation, conducting business in Citrus County, Florida.

8.     At all times material to this action, Individual Defendant was the owner and president of Christ Medical Center.

9.     At all times material to this action, Plaintiffs were employees of Christ Medical Center, and Christ Medical Center was the employer of Plaintiffs for purposes of the FLSA, Warn Act, Florida Constitution, and all other relevant statues.

10.     Plaintiffs were employees of Christ Medical Center and Individual Defendant, and Christ Medical Center and Individual Defendant were the joint employer of Plaintiffs pursuant to the terms of the FLSA and Florida Constitution.

## GENERAL ALLEGATIONS

11.     Christ Medical Center is a company that provides medical services.

12.     Plaintiffs were employed by Christ Medical Center at its facility in Crystal River, Florida (the "Facility").

13.     Individual Defendant was the owner, a corporate officer and senior management of Christ Medical Center.

14.     Individual Defendant acted directly or indirectly in the interests of Christ Medical Center in relation to Plaintiffs.

15.     Individual Defendant has operational control of Christ Medical Center.

16.     On or about May 22, 2017, Christ Medical Center notified Plaintiffs and other employees at the Crystal River location that there was a staff meeting that day from 4:30 p.m. to 4:45 pm.

17.     At that time, all present employees, including Plaintiffs, gathered in the working area and were informed by Christ Medical Center's Administrator, Satrupa Doobay, that due to "high overhead" the Facility was shutting down.

18.     The employees were further told that their employment was terminated and to take their belongings with them.

19.     The employees were further informed that the Facility may reopen at some undetermined point in the future, possibly between two weeks to a month.

3

20.     In fact, the Facility reopened the following week, but Plaintiffs and the other similarly situated employees were not rehired.

21.     Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay the undersigned a reasonable fee for their services.

22.     Plaintiffs demand a trial by jury on all claims alleged herein.

## CLASS ACTION ALLEGATIONS

23.     Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil Procedure for violations of the WARN Act, the Florida Constitution, and for unpaid wages on behalf of themselves, and a class of employees who worked at or reported to the Christ Medical Center's Facility and were laid off without cause by Christ Medical Center as part or as the reasonably foreseeable result of plant shutdowns or mass layoffs ordered by Christ Medical Center at the Facility (the "Class") on or about May 22, 2017 and were not paid the constitutionally guaranteed minimum wage from on or about May 10, 2017 through the time of the layoff or the wages that were due pursuant to employment agreements.

24.     The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable as there are approximately 100 potential class members.

25.     There are questions of law and fact common to the Class Members, namely:

(a)     Whether the Class Members were employees of Christ Medical Center who worked at or reported to Christ Medical Center's Facility;

4

(b)     Whether Christ Medical Center ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act;

(c)     Whether Christ Medical Center was subject to any of the defenses provided for in the WARN Act;

(d)     Whether Christ Medical Center and the Individual Defendant failed to pay the minimum wage required; and

(e)     Whether Christ Medical Center failed to pay the wages that were due pursuant to employment agreements.

26.     The claims of the representative parties are typical of the claims of the Class, as they were laid off as part of the plant shutdown or mass layoff, did not receive the requisite notice, were not paid the minimum wage from on or about May 10, 2017 through their layoff, and were not paid wages due.

27.     The representative parties will fairly and adequately protect the interests of the class.

28.     The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act and wage litigation – where the individual Plaintiffs and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against Christ

Medical Center and separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members and the adjudications with respect to individual class members would be dispositive of the interests of other members.

30.     Christ Medical Center and Individual Defendant acted on grounds that apply generally to the class.

31.     There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a)     Whether the Class Members were employees of Christ Medical Center who worked at or reported to Christ Medical Center's Facility;

(b)     Whether Christ Medical Center ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act;

(c)     Whether Christ Medical Center was subject to any of the defenses provided for in the WARN Act;

(d)     Whether Christ Medical Center and Individual Defendant failed pay the required minimum wage; and

(e)     Whether Christ Medical Center failed to pay the wages that were due pursuant to employment agreements.

## UNPAID WAGES AND MINIMUM WAGE ALLEGATIONS

32.     The FLSA and Art. X, Sec. 24 of the Florida Constitution creates private rights of action against any "employer" who violates its minimum-wage provisions.

33.     The FLSA and Art. X, Sec. 24 of the Florida Constitution defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"

34.     Corporate officers with operational control of a corporation's covered enterprise are employers along with the corporation, jointly and severally liable for unpaid wages and minimum wage.

35.     Christ Medical Center had at least two employees.

36.     Christ Medical Center did at least $500,000 a year in business.

37.     Plaintiffs were engaged in interstate commerce or in the production of goods for commerce.

38.     During the relevant workweeks, Plaintiffs did not satisfy the requirements for any of the exemptions set forth in the FLSA and Art. X, Sec. 24 of the Florida Constitution.

39.     Plaintiffs worked for Christ Medical Center and Individual Defendant and were not paid on or about May 10, 2017 through the date of the layoff and did not receive at least the minimum wage for all hours worked.

40.     All administrative notice requirements and prerequisites have been

satisfied.

## **WARN ACT ALLEGATIONS**

41.     Plaintiffs and other similarly situated employees were laid off as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

42.     At all relevant times, Christ Medical Center employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the Facility.

43.     At all relevant times, Christ Medical Center was an "employer" of the Class Members as that term is defined by the WARN Act.

44.     On or about May 22, 2017, Christ Medical Center ordered "plant shutdowns" or "mass layoffs" as that term is defined by the WARN Act.

45.     Christ Medical Center's actions at the Facility resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

46.     Christ Medical Center's termination of the Class Members'

employment constituted plant shutdowns or mass layoffs as defined by the WARN Act.

47.     The Plaintiffs and each of the Class Members who were employed by Christ Medical Center and then terminated by Christ Medical Center as a result of Christ Medical Center's executing plant shutdowns or mass layoffs at the Facility were "affected employees" as defined by the WARN Act.

48.     The Plaintiffs and each of the Class Members are "aggrieved employees" of Christ Medical Center as that term is defined by the WARN Act.

49.     Pursuant to the WARN Act, Christ Medical Center was required to provide at least 60 days prior written notice of the layoff, or notice as soon as practicable, to the affected employees, or their representative, explaining why the sixty (60) days prior notice was not given.

50.     Christ Medical Center failed to give at least sixty (60) days prior notice of the layoff in violation of the WARN Act.

51.     Christ Medical Center failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective layoffs, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

52.     As a result of Christ Medical Center's failure to pay the wages, benefits and other monies as asserted, the Plaintiffs and Class Members were damaged in

an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the their terminations.

53.     All administrative notice requirements and prerequisites have been satisfied.

**COUNT I**
**VIOLATIONS OF THE MINIMUM WAGE REQUIREMENTS**
**OF THE FLSA AS TO PLAINTIFFS AGAINST ALL DEFENDANTS**

54.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 53 as if fully stated herein.

55.     Defendants' failure to provide Plaintiffs minimum wage compensation constitutes a violation of the FLSA.

56.     Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

a) A judgment that Defendants violated 29 U.S.C. § 206 of the Fair Labor Standards Act;

b) Damages for the amount of unpaid minimum wage compensation owed to Plaintiffs;

c) Liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the compensation owed to Plaintiffs;

d) Post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

e) Any other additional relief as the Court deems just and proper.

**COUNT II**
**VIOLATIONS OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA**
**AS TO THOSE SIMILARLY SITUATED AGAINST ALL DEFENDANTS**

57.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 53 as if fully stated herein.

58.     Defendants' failure to provide those similarly situated to Plaintiffs minimum wage compensation constitutes a violation of the FLSA.

59.     Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

a) Judgment that Defendants violated 29 U.S.C. § 206 of the Fair Labor Standards Act;

b) Damages for the amount of unpaid minimum wage compensation owed to Plaintiffs;

c) Liquidated damages, pursuant to 29 U.S.C. § 216(b),in an amount equal to the compensation owed to Plaintiffs;

d) Post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

e) Any other additional relief as the Court deems just and proper.

**COUNT III**
**VIOLATIONS OF THE WARN ACT AGAINST CHRIST MEDICAL CENTER**

60.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 53 as if fully stated herein.

61.     Christ Medical Center's failure to provide Plaintiffs and others similarly situated advance written notice of her/their layoff constitutes a violation of the WARN

Act.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

(a) An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C §2104(a)(1)(A);

(b) Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiff and the Other Similarly Situated Former Employees constitute a single class;

(c) Designation of Plaintiffs as Class Representatives;

(d) Appointment of the undersigned attorneys as Class Counsel;

(e) Interest as allowed by law on the amounts owed under the preceding paragraphs;

(f) The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act; and

(g) Such other and further relief as this Court may deem just and proper.

**COUNT IV**
**MINIMUM WAGE PURSUANT TO THE FLORIDA**
**CONSTITUTION AGAINST ALL DEFENDANTS**

62.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 53 as if fully stated herein.

63. Plaintiffs, and all others similarly situated, did not receive payments at a rate at least equal to the minimum wage for all hours worked as required by the Florida Constitution.

WHEREFORE, Plaintiffs, and all others similarly situated, respectfully pray that the Court award the following relief:

a) A judgment that Defendants violated Art. X, Sec. 24 of the Florida Constitution;

b) Damages for the amount of unpaid minimum wage compensation owed to Plaintiffs;

c) Liquidated damages in an amount equal to the minimum wage compensation owed to Plaintiffs;

d) Post-judgment interest, reasonable attorneys' fees and costs pursuant to Art. X, Sec. 24 of the Florida Constitution; and

e) Any other additional relief as the Court deems just and proper.

## COUNT V
## UNPAID WAGES AGAINST CHRIST MEDICAL CENTER

64. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 53 as if fully stated herein.

65. Plaintiffs, and all others similarly situated, did not receive wages despite an agreement with Christ Medical Center to receive wages for all hours worked.

WHEREFORE, Plaintiffs, and all others similarly situated, respectfully pray that the Court award the following relief:

a)  A  judgment  that  Christ  Medical  Center  breached  their  employment agreements by failing to pay wages due;

b) Damages for the amount of unpaid compensation owed to Plaintiffs and all other similarly situated;

c) Post-judgment interest, reasonable attorneys' fees and costs pursuant to section 448.08, Florida Statues and

d) Any other additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs further demand a jury trial on all issues so triable as of right.

**DATED** this 21st day of July, 2017.

Respectfully submitted,
**WHITTEL & MELTON, LLC**
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.
Florida Bar No.: 605034
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
Pleadings@theFLlawfirm.com
lechnerj@theFLlawfirm.com
sonia@theFLlawfirm.com
*Attorneys for Plaintiffs*

14