UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAMELA RIZZO-ALDERSON; DEENA
BENENHALEY; EVELYN SARNO;
NICOLE RICHARDSON; and TAMI
YOUNG,

                Plaintiffs,

v.                                            Case No. 5:17-cv-312-Oc-37PRL

EIHAB H. TAWFIK, M.D., P.A.; and
EIHAB H. TAWFIK,

                Defendants.

_____

ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs Amended Complaint with Incorporated Memorandum of Law (Doc. 17), and Plaintiffs' Opposition to Defendants' Motion to Dismiss Amended Complaint (Doc. 18).

Plaintiffs Pamela Rizzo-Alderson, Deena Benenhaley, Evelyn Sarno, Nicole Richardson, and Tami Young ("**Plaintiffs**"), bring this proposed class action on behalf of a class of employees who allegedly were unlawfully laid off and deprived of wages by Defendants Eihab H. Tawfik and Eihab H. Tawfik, M.D., P.A. ("**Christ Medical Center**"). (*See* Doc. 7.) On September 11, 2015, Defendants moved to dismiss the Amended Complaint as a shotgun pleading (Doc. 17 ("**Motion**")), and Plaintiffs filed a timely response (Doc. 18). Upon consideration of the Amended Complaint, the parties' arguments, and the applicable law, the Court finds that the Motion is due to be granted.

-1-

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth minimum requirements for complaints filed in this Court. At a minimum, such filings must: (1) include "short and plain" statements of the pleader's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances;" and (2) provide more than mere labels, legal conclusions, or formulaic recitation of the elements of a claim. *See* Fed. R. Civ. P. 8(a), 8(d), 10(b); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Local Rules 1.05, 1.06. Shotgun pleadings result when a plaintiff "fails to follow Rules 8 and 10." *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (noting that a "shotgun" pleading "is in no sense the 'short and plain statement of the claim' required by Rule 8" and it "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts").

The "most common type" of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegation of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. Shotgun pleadings also may "begin with a long list of general allegations" that are "incorporated by reference into each count of the complaint." *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (noting the "all-too-typical shotgun pleading" where the first paragraph

of each count "incorporates by reference" all of the factual allegations).

The U.S. Court of Appeals for the Eleventh Circuit warns that actions founded on shotgun pleadings should not be permitted because "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996); *see also Chapman AI Trans.*, 229 F.3d 1012, 1027 (11th Cir. 2000) ("We have frequently railed about the evils of shotgun pleadings and urged district courts to take a firm hand . . . ."). Heeding this warning, when confronted with a deficient pleading—especially a shotgun complaint—district courts must require the party to replead. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127–28 (11th Cir. 2014) (criticizing district court for failing to police shotgun pleadings); *Starship Enters. of Atlanta, Inc. v. Coweta Cty. Ga.*, 708 F.3d 1243, 1250 n.7 (11th Cir. 2013) (explaining that shotgun pleadings may constitute "an abusive tactic" of litigation that district courts must address on their "own initiative").

Plaintiffs' five-count Amended Complaint includes the following state and federal claims: (1) "Violation of the Minimum Wage Requirements of the [Fair Labor Standards Act ("**FLSA**")] as to Plaintiffs Against All Defendants (Doc. 7, ¶¶ 54–56 ("**Count I**")); (2) Violation of the Minimum Wage Requirements of the FLSA as to Those Similarly Situated Against All Defendants (*id.* ¶¶ 57–59 ("**Count II**")); (3) Violations of the [Worker Adjustment and Retraining Notification Act of 1988 ("**WARN Act**")] against Christ Medical Center (*id.* ¶¶ 60–61 ("**Count III**")); (4) "Minimum Wage Pursuant to the Florida Constitution Against All Defendants" (*id.* ¶¶ 62–63 ("**Count IV**")); and (5) "Unpaid

Wages Against Christ Medical Center" (*id*. ¶¶ 64–65 ("**Count V**")). Each of the five counts incorporate by reference all of the first fifty-three paragraphs of the Amended Complaint. (*See id*. ¶¶ 62–63 ("**Count IV**").) For this reason, and because Plaintiff's allegations are largely conclusory or simply parrot statutory language, the Court finds that the Amended Complaint is a quintessential shotgun pleading. Thus, repleader is required.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1)     Defendants' Motion to Dismiss Plaintiffs Amended Complaint with Incorporated Memorandum of Law (Doc. 17) is **GRANTED**.

(2)     The Amended Complaint (Doc. 7) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

(3)     On or before **October 13, 2017**, Plaintiffs may file an Amended Complaint in accordance with this Order.

(4)     Absent timely compliance with the requirements of this Order, this action will be **CLOSED** without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 3, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record

-4-