UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAMELA RIZZO-ALDERSON, DEENA
BENEHALEY, EVELYN SARNO,
NICOLE RICHARDSON, TAMI
YOUNG, TAMMY REED and MURPHY
BLACK,

    Plaintiffs,

v.                                                                          Case No: 5:17-cv-312-Oc-37PRL

EIHAB H. TAWFIK M.D., P.A., d/b/a
CHRIST MEDICAL CENTER, a Florida
Profit Corporation, AND and EIHAB H.
TAWFIK, individually,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This case is before the undersigned upon referral. Plaintiffs seek an entry of final judgment against the individual Defendant, Eihab H. Tawfik, on their Fair Labor Standards Act ("FLSA") claims for unpaid wages and corresponding state law claims. (Doc. 46). Recently, the District Judge found that Plaintiffs were entitled to an entry of default as to their claims against the individual Defendant, Eihab Tawfik, and ordered that they may move for final judgment as to their damages. (Doc. 47). For the reasons explained below, I recommend that Plaintiffs' motion be granted.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**I.	Background**

On October 5, 2017, Plaintiffs filed the Second Amended Complaint against Defendants. (Doc. 22). Plaintiffs allege that individual Defendant Eihab H. Tawfik violated the minimum wage provisions of the FLSA, as well as minimum wage provisions under Art. X, § 24 of the Florida Constitution. (Doc. 46, p. 2). Specifically, Plaintiffs contend that they were employees of Christ Medical Center and, due to a mass layoff, were not paid the statutorily guaranteed minimum wage during their final weeks of employment by Defendants. (Doc. 22, p. 10). Plaintiffs allege that the individual defendant, as the owner, chief executive officer, and a member of senior management of Christ Medical Center, is an "employer" under the FLSA. (Doc. 22, p. 11). Plaintiffs contend that the amount of damages is readily ascertainable, that each of the Plaintiffs worked 40 hours per week, and that damages can be determined based upon the federal and Florida minimum wage in 2017, the 40-hour work week, and the two weeks of unpaid wages. (Doc. 1, ¶ 14). In response to the Court's recent Order (Doc. 48), Plaintiffs have also provided affidavits detailing their claimed damages.

**I.	Standard**

To begin, though Plaintiffs may ultimately be entitled to it here, a default judgment is not a foregone conclusion when a defendant fails to defend. Rule 55 of the Federal Rules of Civil procedure establishes a two-step process for obtaining a default judgment. "First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of the court is authorized to enter a clerk's default against the defendant." *Pierre v. Venus Satellite, Inc.*, No. 3:12-CV-343-J-34JBT, 2014 WL 103212 at *3 (M.D. Fla. Jan. 9, 2014). Then, "after receiving a clerk's default, the court, or in some instances the clerk, may enter a default judgment against the defendant for not appearing." *Id.*

A default judgment, however, cannot stand on a complaint where the Court lacks jurisdiction or the plaintiff fails to state a claim. *See Pierre*, 2014 WL 103212 at *3; *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1291 (S.D. Ala. 2010). Thus, the Court must first assess the allegations in the complaint. In doing so, I note that through default, a defendant does admit Plaintiff's well-pleaded factual allegations. *Pierre*, 2014 WL 103212 at *3 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## II. Discussion

### A. Unpaid Minimum Wage Claims

To establish a minimum wage claim, a plaintiff must show that: 1) he was employed during the time period involved; 2) he was engaged in commerce or the production of goods for commerce, or was employed by an enterprise engaged in commerce or the production of goods for commerce; and 3) that the employer failed to pay the minimum wage required by law. *Payne v. Security & Crime Prevention Serv', Inc.*, No. 12-22032, 2013 WL 5446466, at *2 (S.D. Fla. Sept. 30, 2013) (Seitz, J.) Plaintiffs have established these elements by their well-pleaded allegations. (Doc. 22, p. 10).

### B. Damages

"While well-pleaded facts in the Complaint are deemed admitted, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey,* 510 F. Supp. 2d 588, 593 n. 5 (S.D. Ala. 2007). Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.3d 1538, 1544 (11th Cir. 1985) (explaining that damages may be

awarded on default judgment only if the record adequately reflects the basis for the award). Under Rule 55(b) the Court has discretion to hold an evidentiary hearing to determine appropriate damages, but it is not required to, particularly where there is sufficient evidence in the record. *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 Fed. Appx. 908, 911–12 (11th Cir. 2011); *Almeira v. GB House, LLC*, No. 8:14-CV-00045-T-27, 2014 WL 1366808, at *1 (M.D. Fla. Apr. 7, 2014).

Affidavits are sufficient to establish damages if they are not conclusory. *Almeira*, 2014 WL 1366808, at *1; *see Tara Prods., Inc.*, 449 F. App'x at 912 (quoting *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005). In the unpaid wages context, "[i]t is an employee's burden to prove, with definite and certain evidence, that he performed work for which he was not properly compensated." *Pierre*, 2014 WL 103212 at *9 (quoting *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980)).

In their motion, Plaintiffs assert that "the amount of damages is readily ascertainable," and urge the Court to accept the calculation provided in their motion. (Doc. 46). In response to the Court's recent Order (Doc. 48), however, Plaintiffs have also provided affidavits that provide a basis for the damage awards. Plaintiffs have provided affidavits on behalf of Plaintiffs Tami Young, Murphy Black, Deena Berenhaley, and Pamela Rizzo-Alderson. (Doc. 49). Plaintiffs Young, Black and Berenhaley each state that they worked 80 hours for which they were not paid, resulting in damages in the amount of $648.00, based on the relevant minimum wage of $8.10 per hour, plus an equal amount in liquidated damages, for total damages of $1,296.00 each. (Doc. 49). Similarly, Plaintiff Rizzo-Alderson states that she was not paid for hours that she worked, and is entitled to damages in the amount of $259.20, plus liquidated damages in an equal amount, for

total damages of $518.40.[2] Upon consideration, the undersigned finds that Plaintiffs' affidavits are sufficient to establish their damages.

### III. Conclusion

For the reasons stated above, I **recommend** that Plaintiff's motion for default judgment (Doc. 47) be **granted** and that Plaintiff be awarded damages for unpaid wages and corresponding liquidated damages in the amounts stated below:

1. For Plaintiff Tami Young, damages in the amount of $648, plus an equal amount of liquidated damages, for a total amount of **$1,296;**

2. For Plaintiff Murphy Black, damages in the amount of $648, plus an equal amount of liquidated damages for a total amount of $**1,296**;

3. For Plaintiff Deena Berenhaley, damages in the amount of $648, plus an equal amount of liquidated damages, for a total amount of $**1,296**; and

4. For Plaintiff Pamela Rizzo-Alderson, damages in the amount of $259.20, plus an equal amount of liquidated damages, for a total amount of **$518**.

**Recommended** in Ocala, Florida on April 19, 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

---

[2] It appears that there is a clerical error in Plaintiff Rizzo-Alderson's affidavit. She states that she worked 32 hours per week for a two-week period for a total of 80 hours for which she was not paid. (Doc. 49, p. 4). She further states that she is entitled to damages in the amount of $259.20, plus liquidated damages in the same amount for a total of $518.40. This requested total damages figure is consistent with a Florida minimum wage of $8.10, as stated in her affidavit, and 32 total unpaid hours. It thus appears $518.40 is the proper total damages figure for Plaintiff Rizzo-Alderson, and the Court will therefore make its recommendation accordingly.

- 6 -

Copies furnished to:

Counsel of Record
Unrepresented Parties