UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAMELA RIZZO-ALDERSON, DEENA
BENEHALEY, EVELYN SARNO,
NICOLE RICHARDSON, TAMI
YOUNG, TAMMY REED and MURPHY
BLACK,

       Plaintiffs,

v.                                    Case No: 5:17-cv-312-Oc-37PRL

EIHAB H. TAWFIK and EIHAB H.
TAWFIK

       Defendants.

---

# REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiffs' motions for attorney's fees and costs (Docs. 55 and 56), which were referred by the District Judge for preparation of a Report and Recommendation. After consideration of the papers and applicable law, and in the absence of any objection filed by Defendant, Eihab H. Tawfik, I submit that Plaintiffs' motions should be granted in part and that they should be awarded attorney's fees in the amount of **$15,106.00** and costs in the amount of **$530.00**.

## I.      BACKGROUND

In July 2017, Plaintiffs initiated this proposed class action alleging minimum wage violations under the Fair Labor Standards Act ("FLSA") and the Florida Constitution against

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Defendants Eihab H. Tawfik, M.D., P.A., d/b/a/ Christ Medical Center ("Christ Medical Center") and Eihab H. Tawfik.[2] On April 16, 2018, the Court stayed this action as to Defendant Christ Medical Center based on the filing of a Suggestion of Bankruptcy. (Doc. 36). The case proceeded against Defendant Tawfik. On May 21, 2019, the Court entered final default judgment as to Plaintiffs Tami Young, Murphy Black, and Deena Benehaley and awarded each damages in the amount of $648.00, plus an equal amount of liquidated damages, for a total amount of $1,296.00; and final default judgment as to Plaintiff Pamela Rizzo-Alderson and awarded damages in the amount of $259.20, plus liquidated damages, for a total amount of $518.00. (Doc. 51, 53).[3] Now, these prevailing Plaintiffs have filed motions for attorney's fees and costs. Defendant Tawfik has filed no response.

## II.    DISCUSSION

### A.   Attorney's Fees

Plaintiffs' entitlement to recover attorney's fees arose by virtue of their claims brought under the FLSA. The FLSA requires a court to award prevailing employees reasonable attorney's fees and costs in unpaid overtime wages cases. 29 U.S.C. § 216(b).

In determining a reasonable attorney's fee, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and

---

[2] In their Second Amended Complaint Plaintiffs also asserted a claim against Christ Medical Center for the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101 et. seq. ("WARN Act")

[3] The motion for final default judgment was denied as to Plaintiffs Evelyn Sarno, Nicole Richardson, and Tammy Reed because they did not submit evidence to support their damages. (Doc. 51).

hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988)

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman,* 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Keeping in mind that "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

## 1.    Reasonableness of Hours Expended

First, the Court must determine the number of hours reasonably expended on the litigation. The attorney fee applicant bears the initial burden of submitting evidence sufficient to allow the court to confirm that the requested fees are not excessive. *ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).* Then, "'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *Id*. Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). If applicants do not exercise billing judgment, courts are obligated to do it for them. Courts may cut specific

hours, or may engage in "an across-the-board cut," so long as the court adequately explains its reasons for doing so. *Id.*

Here, Plaintiffs seek compensation for 60.4 hours of legal work on this matter. In addition to their sworn motion, Plaintiffs simply filed a ledger of attorney time records, which reflects work performed by Mr. Lechner and "S. Allen" from June 26, 2017 through May 24, 2019. (Doc. 55 at 9-12). Plaintiffs' motion, however, does not mention S. Allen, or even state whether he or she is a paralegal or an associate. Accordingly, the time entries for S. Allen—totaling 2.3 hours—should be deducted.

The remaining time entries for Mr. Lechner fail to offer much detail, and thus, it is difficult for the Court to determine whether the time spent was reasonable and necessary. If an applicant's documentation as to hours "is inadequate, the district court may reduce the award accordingly." *Scelta v. Delicatessen Support Services, Inc*., 203 F.Supp.2d 1328, 1331 (M.D. Fla. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Here, given the nature of this case, the limited discovery and motion practice, and the fact that Plaintiffs ultimately prevailed against Mr. Tawfik on default judgment, the requested 58.1 hours are excessive. When, as here, the Court finds the number of hours claimed to be unreasonably high, "the court has two choices: it may conduct an hour-by-hour analysis or it may reduce hours with an across-the-board cut." *Bivens v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Based on the above circumstances, as well as the Court's own experience and expertise, I submit that a reduction of the requested fees by 20% to 46.48 hours is reasonable and appropriate.

## 2.     Reasonable Hourly Rate

The next step in reaching the lodestar is to determine a reasonable hourly rate, which "is the prevailing market rate in the relevant legal community for similar services by lawyers of

reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11). The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *American Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 437 (11th Cir.1999). The party seeking fees bears the burden of establishing the market rate and should present the court with "specific and detailed evidence" from which it can determine the reasonableness of the proposed rate. *Norman,* 836 F.2d at 1303. In this case, the relevant legal market is the Ocala Division of the Middle District of Florida. *See Cullens v. Georgia Dept. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994).

Plaintiffs request an hourly rate of $500.00, without offering any "specific and detailed evidence" concerning prevailing market rates in Ocala, Florida. Instead, Plaintiffs' counsel points to two Middle District cases in which he was previously awarded $500.00 per hour (Doc. 55 at 3 (citing *G. Morris, et al., v. The Fresh Market, Inc.*, No. 8:18-cv-3129-VMC-AAS, Doc. 58; and *Whitehead, et al. v. Advance Stores Co. Inc*., No. 5:16-cv-250-RBD-PRL (Doc. 60)). However, in both of those cases, the Court approved unopposed settlement agreements, which included attorney's fees, without any discussion of the requested hourly rate. Accordingly, they offer little, if any, support for the requested rate.

Plaintiffs also rely on the Laffey Matrix, which they allege reflects an hourly rate of $685 for an attorney with 11-19 years of experience. *(Doc. 55 at 4.).* Courts in the Middle District have declined to rely on the Laffey Matrix as competent evidence of a reasonable hourly rate for counsel in this market. *See, e.g., Rumreich v. Good Shepherd Day School of Charlotte, Inc.,* 2:17-cv-292-FtM-38-MRM, 2019 WL 2078730, at * 1 (M.D. Fla. April 23, 2019) (collecting cases in the Middle District finding that the Laffey Matrix is not relevant evidence of the prevailing market

rate); *Cook v. Law Offices of Forster & Garbus*, No. 6:10-cv-934-Orl-28KRS, 2010 WL 4941439, at *3 (M.D. Fla. Nov. 3, 2010) ("the Laffey Matrix reflects rates for civil attorneys trying federal cases across the United States rather than the prevailing market rates in the relevant legal community—Florida"). Likewise, the average rate listed in the United States Consumer Law Attorney Fee Survey Report ($522 per hour for consumer lawyers with 16-20 years experience) reflects fees from around the state of Florida and is not necessarily reflective of reasonable rates in the Ocala area. *See Cook*, 2010 WL 4941439, at *3. And the fact that Mr. Lechner's firm purportedly established $500 as the hourly rate for partners for attorney's fee claims, does not, standing alone, establish the prevailing market rate.

Based upon the Court's own experience and familiarity with rates in the Ocala Division, I submit that $500 is higher than the prevailing market rate. Indeed, courts in the Middle District have awarded rates between $250 and $375 per hour in FLSA cases. *See e.g., Rumreich v. Good Shepherd Day School of Charlotte, Inc.,* 2:17-cv-292-FtM-38-MRM, 2019 WL 2078730, at * 2 (M.D. Fla. April 23, 2019) (finding $350.00 as reasonable hourly rate for 20 plus year lawyer and noting that "rates in the Fort Myers area for FLSA cases range from $275.00 to $375.00"); *Bishop v. VIP Transp. Grp., LLC*, No. 6:15-CV-2118-ORL-22KRS, 2017 WL 1533834, at *4 (M.D. Fla. Apr. 7, 2017) (finding that $350 an hour was a reasonable hourly rate for an attorney with more than twenty years' experience as a labor and employment attorney), *adopted*, 2016 WL 4162792 (August 4, 2016); *Stevenson v. Second Chance Jai Alai, LLC*, No. 5:11-cv-496-Oc-37PRL, 2013 WL 12159448, at 2 (M.D. Fla. June 17, 2013) (finding $300 reasonable hourly rate for 10-year lawyer and noting that courts in the Middle District have awarded hourly rates between $250 and $325), *adopted*, 2013 WL 12161811 (July 3, 2013); *Boyer v. Flagship Automotive Center, LLC*, No. 2:12–cv–147–FtM–38DNF, 2013 WL 2467778, at *5 (M.D. Fla. June 7, 2013) (FLSA case

awarding hourly rate of $275 for 18-year lawyer and noting that rates in Fort Myers for FLSA cases range from $275 to $375); *Andrike v. Maple Way Community, Inc.*, No. 8:11–cv–1939–T–24-AEP, 2013 WL 1881135, at *3 (M.D. Fla. May 3, 2013) (FLSA case awarding hourly rate of $325).

Accordingly, consistent with the hourly rates awarded in FLSA cases in the Middle District of Florida–and in the absence of evidence to support a higher rate—I submit that the hourly rate should be reduced from $500 to $325, which is a reasonable hourly rate in the Ocala market given Mr. Lechner's experience and the relative complexity of this action.

### 3.   Summary

In summary, I find that a reasonable lodestar for Attorney Lechner is 46.48 hours at $325.00 per hour for a fee award of $15,106.00.

### B.   Costs

Plaintiffs also seek to recover costs in the amount of $2,594.20. (Doc. 56). As an initial matter, it is worth noting that Plaintiffs' motion fails to meet the minimum standard that this Court expects. Plaintiffs offer no explanation as to what costs they seek, nor do they cite any legal authority to support their request. Indeed, counsel's memorandum of law is remarkably brief and simply states that Plaintiffs should be awarded costs as the prevailing party.

The costs statute, 28 U.S.C. § 1920, enumerates expenses that a federal court may tax as a cost under the authority in Rule 54(d), including *inter alia*: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. Courts in the Middle District have limited costs in FLSA cases to those allowed under § 1920. *See*

*e.g., Helms v. Cent. Fla. Reg'l Hosp.,* 2006 WL 3858491 at *3, 2006 U.S. Dist. LEXIS 92994 at *8 (M.D. Fla. Dec. 21, 2006) ("In an FLSA action, it is error to award costs in excess of those permitted by § 1920."); *Glenn v. Gen. Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir.1988) (finding that "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of action' to differ from those costs" enumerated in § 1920). Therefore, Plaintiffs are only entitled to recover those costs listed as taxable under § 1920.

First, Plaintiff requests $423.97 for fees of the clerk. However, the only documentation Plaintiff offers to support this request is a copy of the receipt for the Civil Filing Fee in the amount of $400.00. (Doc. 56-2 at 13). In the absence of any explanation as to why they are entitled to recover the additional $23.97, Plaintiffs' request to recover fees of the clerk should be limited to $400.00. Likewise, Plaintiffs offer no explanation or documentation to support their request for printing fees in the amount of $5.00. Accordingly, the request should be denied.

Next, Plaintiff seeks to recover $205.00 charged by Venture Investigations & Process Services for service of the summons—$65.00 for service on corporate defendant (Doc. 56-2 at 1-3, $65.00 for attempted (but failed) service on individual defendant, and $75.00 for skip trace (Doc. 56-2 at 8-10). The $65.00 fee for service of the summons and complaint on each defendant is recoverable. (Doc. 56-2 at 1-3, 8-10). *See e.g., E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (courts are authorized to tax private process servers' fees as costs pursuant to §1920, but such fees must not exceed rate charged by the U.S. Marshals Service); 28 C.F.R. § 0.114(a)(3) (Marshal is currently authorized to charge $65.00 per hour for each item personally served, plus travel costs and other out-of-pocket expenses). However, I submit that the $75.00 charge for skip trace services is not recoverable. *See Bartley v. Kim*, No. 6:10-cv-1180-Orl-36DAB, 2013 WL 12360721, at *4 (M.D. Fla. Jan. 23, 2013).

Plaintiff seeks to recover $560.23 in fees for unspecified investigative services performed by SIG 14, Inc. (Doc. 56-2 at 4-7). Courts in this District have routinely held that private investigator fees are not taxable under § 1920. *See e.g., Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC,* 2013 WL 6145533, at *7 (M.D. Fla. Nov. 21, 2013) (fees for hiring a private investigator are not taxable as costs under section 1920); *North v. Mayo Group Development, LLC, et al., 3:11-cv-444-J-32JBT, 2013 WL 3461932, at *3 (M.D. Fla. July 9, 2013)* (costs for private investigations not taxable as costs under 1920*); Diamond Heads, LLC v. Everingham*, No. 8:07-cv-462-T-33TBM, 2011 WL 3269685, at *2 (M.D. Fla. July 29, 2011) (denying investigative fees as costs). Accordingly, the request for $560.23 in investigative fees should be denied.

Finally, the mediator fee of $1,400.00 is not recoverable. *See e.g., Nicholas v. Allianceone Receivables Mgmt, Inc.,* 450 Fed.Appx. 887, 888 (11th Cir. 2012) (affirming district court's denial of mediation fees under §1920); *Van Voorhis v. Hillsborough Bd. of County Comm'rs*, No. 8:06-cv-1171-T-TBM, 2008 WL 2790244, at *4 (M.D. Fla. July 18, 2008) ("Despite the fact that mediation is often court ordered, § 1920 does not contemplate the costs of mediation. Of the circuits that have squarely addressed whether mediation costs may be taxable under § 1920, all have held that they are not."). Accordingly, the request for mediation costs should be denied.

Accordingly, Plaintiffs' costs should be limited to $530.00.

## III      RECOMMENDATION

For the reasons discussed above, Plaintiffs' motion for attorney's fees (Doc. 55) should be **GRANTED** to the extent that an attorney's fee judgment should be entered in favor of Plaintiffs Tami Young, Murphy Black, Deena Benehaley, and Pamela Rizzo-Alderson and against Defendant Eihab H. Tawfik in the amount of **$15,106.00**; and Plaintiffs' motion to tax costs (Doc. 56) should be **GRANTED** to the extent that a cost judgment should be entered in favor of Plaintiffs

Tami Young, Murphy Black, Deena Benehaley, and Pamela Rizzo-Alderson and against Defendant Eihab H. Tawfik in the amount of **$530.00**.

Recommended in Ocala, Florida on July 1, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy